IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AMERICAN CITIZENS**,

    Plaintiff,

  vs.                                          No. **CIV. 05-1259 MCA/LCS**

**UNITED STATES GOVERNMENT**, et al.,

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff Winfred P. Adams' *Response to Memorandum Opinion and Order* [Doc. 37] filed on May 18, 2006, and the *Motion to Dismiss* [Doc. 35] filed by Defendant United States Government on May 9, 2006. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court finds that Plaintiffs have not shown cause why this action should not be dismissed without prejudice for lack of subject-matter jurisdiction and failure to effect service of process within the time limits prescribed by Fed. R. Civ. P. 4(m).

The history of this litigation is set forth in the *Memorandum Opinion and Order* [Doc. 34] filed on May 8, 2006. On that date, the Court dismissed Plaintiffs' claims against Defendant New Mexico Government, denied several motions to intervene, and ordered Plaintiffs to show cause to in writing by no later than May 18, 2006, why their claims against the remaining Defendants should not be dismissed on grounds of lack of justiciability and

failure to timely effect service of process as required under Fed. R. Civ. P. 4.  Winfred P. Adams is the only Plaintiff to file a timely response to the Court's *Order to Show Cause*, and proof of proper service on Defendant United States Government is still absent from the record in this case.

While the Court's *Order to Show Cause* was pending, Defendant United States Government filed a *Motion to Dismiss* which echoed the previously stated concern that Plaintiffs have not served this Defendant as required under Fed. R. Civ. P. 4.  Defendant's motion also contends that Plaintiffs' pleading does not comply with Fed. R. Civ. P. 8 and is subject to dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted.  Purporting to act on behalf of all Plaintiffs even though he is a *pro se* litigant, Plaintiff Winfred Adams filed a response to Defendant's motion on May 24, 2006.  [Doc. 38.]

Having reviewed the parties' submissions, I am not persuaded that Plaintiffs' *Complaint* contains any well-pleaded allegations which are justiciable.  In the previous *Memorandum Opinion and Order*, I explained why the concept of justiciability precludes this Court from exercising jurisdiction over claims relating to the Guaranty Clause in Article IV of the United States Constitution.  Plaintiffs' *Complaint* appears to raise such claims by contending that certain officials currently exercising governmental powers at the federal, state, and local level are "imposters" who do not meet the qualifications for holding public office themselves, or who have failed to recognize that other officials lack such qualifications.

2

In response to the *Order to Show Cause* and the *Motion to Dismiss*, Plaintiff Adams cites other provisions of the United States Constitution, namely the portions of Sections III and IV of the Fourteenth Amendment which prohibit certain persons who "have engaged in insurrection or rebellion" from qualifying for public office, and which protect the validity of certain "debts incurred for payment of pensions and bounties for services in suppressing insurrection or rebellion." U.S. Const. amend. XIV, §§ 3, 4.  These provisions of the Fourteenth Amendment are inapposite here because their meaning is generally limited to the context of the immediate aftermath of the Civil War, when officials of the Union were concerned about the potential mischief that could result if former agents of the Confederacy and their sympathizers were to take control of Congress.  See, e.g., Great Lakes Higher Education Corp. v. Cavazos, 911 F.2d 10, 17 (7th Cir. 1990)  (concluding that Section 4 of the Fourteenth Amendment "was intended to prevent the 'questioning' of the war debt incurred by the Union in fighting the Civil War" and "is only brought into play when some state or federal government agency questions a debt"); State of Delaware v. Cavazos, 723 F. Supp. 234, 235 (D. Del. 1989) (similar).

Sections 3 and 4 of the Fourteenth Amendment provide no authority for Plaintiffs to establish an "irrevocable bounty" in this case or to adversely affect the property rights of United States officials or employees in any way.  While the Court recognizes the leniency typically given to *pro se* plaintiffs, "'[t]his court simply will not allow liberal pleading rules and *pro se* practice to be a vehicle for abusive documents.'"  Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 841 (10th Cir. 2005) (quoting Theriault v. Silber, 579 F.2d

3

302, 303 (5th Cir.1978)).

Having afforded Plaintiffs the benefit of these liberal pleading rules, I find no substantive arguments in their filings that would establish a justiciable claim over which this Court may exercise subject-matter jurisdiction. I also find no logical explanation for Plaintiffs' delay in properly effecting service of process on Defendant United States Government in accordance with the applicable rules.

**IT IS THEREFORE ORDERED** that Defendant United States Government's *Motion to Dismiss* [Doc. 35] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE** as to all remaining claims and parties for lack of subject-matter jurisdiction and failure to timely effect service of process.

**SO ORDERED** this 31st day of May, 2006, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge